GARRIGA, DEMANDANTE Y APELADO, *v.* SUCESORES DE JOSÉ FERNÁNDEZ, DEMANDADA Y APELANTE.

No. 3120.—*Visto:* Mayo 22, 1924.   *Resuelto:* Julio 23, 1924.

SENTENCIAS—INCONGRUENCIAS ENTRE LO CONCEDIDO EN LA SENTENCIA Y LO PEDIDO EN LA DEMANDA.—Incongruencias entre lo concedido por la sentencia y lo reclamado en la demanda no constituyen errores que motiven la revocación cuando existen en los autos elementos bastantes para que el Tribunal Supremo pueda dictar la sentencia que debió pronunciar la corte inferior.

SENTENCIA de *M. Rodríguez Serra,* J. (San Juan, Segundo Distrito), en una acción en cobro de dinero, declarando con lugar la demanda, con costas.   *Confirmada en parte y en parte revocada.*

A. Agosto, abogado de la apelante; *M. Benítez Flores,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

    Isidro Garriga demandó a la mercantil Sucesores de José Fernández para que le pague dos reclamaciones de dinero que le hace, alegando respecto de una que el 1º de noviembre de 1918 fué contratado por la demandada para operar un autocamión con la remuneración de cien dólares mensuales en cuyas condiciones prestó sus servicios hasta el 14 de diciembre de 1920, que dan un total de sueldos de $2,694.50: que desde el 1º de diciembre de 1919 hasta el 30 de noviembre de 1920 fué convenido que además de dicho sueldo percibiría el cincuenta por ciento de los beneficios líquidos del autocamión y que tales ganancias las calcula en $796.34, que sumados a la anterior cantidad hacen un total

de $3,490.84, de los que ha recibido $2,534.23 quedando un saldo a su favor de $956.61 que es el que demanda. La otra reclamación es de $600 por cierto servicio que alegó haber prestado a la demandada, pero no hacemos más referencia a ella porque esta reclamación no es motivo de este recurso.

Contestó la demandada oponiéndose a lo pedido y celebrado el juicio la corte de distrito dictó sentencia declarando con lugar la demanda y que el demandante tiene derecho a que la demandada le pague los sueldos devengados y no pagados desde diciembre de 1919 hasta febrero de 1921 inclusive a razón de cien dólares mensuales y a que se le abonen a su cuenta los beneficios obtenidos en el autocamión, condenando a la demandada a pagar al demandante el importe total de esos sueldos y beneficios después de deducir las cantidades que a cuenta de la misma tomara el demandante, sirviendo de base para fijar el total líquido que deba pagar los asientos que figuran en los libros de la demandada, copia certificada de los cuales está unida a los autos; y en cuanto a la otra reclamación de $600 la declaró sin lugar e impuso las costas al demandado.

De esa sentencia apeló el demandado alegando la comisión de cuatro errores, que en realidad son dos, a saber: error en la apreciación de la prueba y que la sentencia es contraria a la ley.

El último de esos motivos de error se funda en que la sentencia no es congruente con lo que se pide en la demanda, pues habiéndose solicitado en ella el pago de $956.61 como saldo debido, la sentencia condena a practicar una liquidación para encontrar la cantidad que sea debida al demandante.

En verdad, la sentencia no es congruente con la demanda, pues habiéndose solicitado el pago de una cantidad determinada debió condenar al pago de esa cantidad o la parte de ella que se probare ser debida y no debió ordenar que se practicara una liquidación de cuentas que no fué solicitada,

que ha debido practicarse en el juicio para conocer lo debido, o declararse sin lugar la demanda si no se probó deuda alguna, y no debió dejar sin resolver la cuestión entre las partes, quienes ya han tenido su día en corte y tenían derecho a saber cuál cantidad era la debida, si se debía alguna, sin tener que acudir a otros procedimientos para esa determinación. Y es también incongruente porque condena a pagar sueldos desde 1º de diciembre de 1919 hasta el mes de febrero de 1921 inclusive, cuando en la demanda sólo se pidió el pago de $956.61 como saldo hasta el 30 de noviembre de 1920. A pesar de lo expuesto, si tenemos elementos en los autos para dictar la sentencia que debió pronunciar la corte inferior así lo haremos y se evitarán perjuicios a las partes litigantes.

No hay discusión entre las partes en que el demandante ganaba un sueldo de cien dólares mensuales por manejar el autocamión desde 1º de noviembre de 1918 hasta 1º de diciembre de 1919 y la diferencia entre ellas está en si desde 1º de diciembre de 1919 a 30 de noviembre de 1920 el demandante ganaba ese sueldo más un 50 por ciento de los beneficios líquidos que produjera el autocamión, como afirma el demandante, o solamente el expresado beneficio en sustitución del sueldo de cien dólares, como sostiene el demandado. La corte inferior resolvió ese conflicto entre las partes dando crédito a la declaración del demandante y de un testigo que en algo lo corrabora y aunque el apelante hace fuertes argumentos contra la credibilidad del demandante, sin embargo, no nos sentimos inclinados a declarar que hubo un manifiesto error en la apreciación de la prueba, pues a pesar de algunas inverosimilitudes en su declaración, el juez que lo oyó declarar pudo darle crédito como se lo dió. En consecuencia partiremos en adelante de la base de que el demandante recibía como compensación en el año antes expresado el sueldo de cien dólares más el 50 por ciento de los beneficios del autocamión.

El demandante declaró en el juicio que durante el año 1918 no le pagaron sus haberes correspondientes a la mitad de las ganancias del autocamión (*truck*) pero que le pagaron todos los sueldos de $100 mensuales. En la transcripción se dice ''el año 1918'' pero esto es indudablemente un error de expresión del testigo o de la transcripción, pues según su demanda y su declaración él tenía solamente el sueldo de $100 desde 1º de noviembre de 1918 hasta 14 de diciembre de 1919 y después de esta fecha, o sea, durante el año 1920 era que debía percibir el 50 por ciento de los beneficios además de su sueldo, por lo que consideramos que se refirió al año 1920 en la referencia que hemos hecho de esa parte de un testimonio y por consiguiente que en ese año le fueron pagados todos sus sueldos, lo que limita naturalmente su reclamación a la cantidad que durante dicho año le corresponde por beneficios hasta el 30 de noviembre de 1920, hasta cuya fecha se refiere la demanda.

Como hemos dicho antes, el apelado alegó en su demanda que las ganancias en ese año ascendían según sus cálculos a $796.34 y de los libros de la demandada aparece que el 50 por ciento de los beneficios líquidos del autocamión durante el mes de diciembre de 1919 y hasta finalizar el mes de octubre de 1920 fueron $795.48, que ellos abonaban en la cuenta del demandante como compensación por sus servicios, que según la mercantil era lo único que tenían que pagarle. Como se ve sólo faltan los beneficios del mes de noviembre de 1920 respecto de los cuales no existe prueba alguna.

En lo que hemos expuesto encontramos elementos para determinar que el demandante ha probado que le son debidos $795.48 por los beneficios del autocamión, única cantidad que le debe la demandada y que tiene que pagarle. De acuerdo con esta conclusión *debe modificarse la sentencia apelada.*